FLINT vs. WELLS.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, THE JUDGE OF THE SEVENTH
PRESIDING.

Where a suit is commenced by the curator of a vacant estate, on his prede-
cessor's bond, and the penalty is not claimed, the action will be considered
as one to compel the previous administrator to account and pay over such
sums, as he may be responsible for in relation to his administration.

So, if such a suit be brought in the District Court, it will be dismissed for want
of jurisdiction, at the plaintiff's costs.

The Court of Probates has exclusive jurisdiction to compel a curator or
administrator of a vacant estate, to account and pay over such sums as he
may be found responsible for.

This suit is brought against the defendant on his security
bond, as former administrator of the vacant estate of James
O'Daniel, deceased, of which the plaintiff is now the curator,
to compel the former to account to him in damages, for the
value of property lost to the estate of O'Daniel, by his neg-
ligence whilst administering it, and for the hire of a negro
woman and child, which he kept for some time in his posses-
sion, &c.    The plaintiff prays that he be condemned in his
capacity as administrator, &c., to pay two thousand dollars
as the amount of damage due, and caused to the estate of
O'Daniel, &c.

The defendant excepted to the jurisdiction of the District
Court to try the case, alleging that the Probate Court was
the proper tribunal to sue in, &c.   The motion was over-
ruled, and answer to the merits put in.   He plead a general
denial, and justified his conduct as administrator; also, the
prescription of one year to the plaintiff's action.   The jury
found a verdict of seven hundred and seventy-two dollars
and sixty-two cents against the defendant, and allowing him
credit for his fees; also, seventy-two dollars for slave hire.

WESTERN DIS.
October, 1832.
═══════════
FLINT
vs.
WELLS.

There was judgement confirming the verdict. The defendant moved for a new trial, which was overruled, and he appealed.

*Flint*, for plaintiff, in *proprie persona*, contended:

1. That the defendant is liable for the account of sales of the estate of O'Daniel.

2. It is shown he had collected the greater part of the amount of the estate, and has never settled for it.

3. He is responsible for the amount of the estate for which he took no notes, and for the hire of slaves that came into his possession as administrator.

4. The administrator, when his office expires, is *functus officio*, and he is personally liable, in damages, for negligence and other misconduct in the management of the estate, and was properly suable in the District Court.

*Boyce*, for the defendant, urged:

1. That the defendant had always been ready to render an account of his administration, and ought not to have been sued.

2. The Probate Court alone, is the proper jurisdiction before which an administrator is required to render an account. *Code of P. art.* 924, 7 *Mar. N. S.* 105.

3. The plaintiff charges Wells with negligence, in not taking security and collecting the debts of the estate, and for hire of slaves; he is not responsible for these things, and if he were, it would only be for damages, which are now prescribed by lapse of time. *Lou. Code*, 2295, 3501. 6 *Mar. N. S.* 665.

4. The administrator is not bound for the hire of slaves or interest on money in his hands, whilst keeping the property of the estate.

MATHEWS, J., delivered the opinion of the court.

This suit is brought by the curator of one O'Daniel's estate, against the defendant, who had obtained the adminis-

tration of it from the judge of the Court of Probates of the parish of Rapides, where he was styled administrator of a vacant estate, which, according to law, is to be administered by an officer denominated a curator, the evidence found in the record does not show; he, however, took on himself the management of the estate submitted to his charge, and the present action was commenced by his successor, to compel him to render an account of his said administration. The cause was tried by a jury in the court below, who found a verdict against the defendant, and judgement being thereon rendered, he appealed.

WESTERN DIS. *October*, 1832.

FLINT *vs.* WELLS.

Where a suit is commenced by the curator of a vacant estate, on his predecessor's bond, and the penalty is not claimed, the action will be considered as one to compel the previous administrator to account and pay over such sums as he may be responsible for in relation to his administration.

The petition sets out the bond given by the administrator, for the faithful performance of his duties; but the penalty appears not to be the gist of the action, as it is not claimed. This is, in truth, a suit to compel the defendant to account and pay over such sums of money as he may be responsible for, in relation to the estate by him administered.

A plea or exception was made *in limine lites*, to the jurisdiction of the District Court, which was overruled, and the defendant required to answer on the merits. We are of opinion, that the court below erred in its decision on this exception. By the *Code of Practice*, article 997, it is declared, that the judges of the Court of Probates shall alone have power to compel officers, by them appointed, to administer successions, to account and pay over what they may be found to owe. This suit was commenced under the Code of Practice, and must be decided according to its provisions; and by these, the judges of the Court of Probates have exclusive jurisdiction in cases similar to the present.

So if such a suit be brought in the District Court, it will be dismissed for want of jurisdiction, at the plaintiff's costs.

The Court of Probates has exclusive jurisdiction to compel a curator or administrator of a vacant estate to account and pay over such sums as he may be found responsible for.

The case of *Ryan* vs. *Young*, relied on by the plaintiff, and reported in 7 *Mar. N. S.* 294, has no relation to the present; that case was decided under the old Civil Code. But the decision in the case of *Baldwin* vs. *Rills*, (found in the same volume, at page 105), is based on the principles which have directed our opinion in the instance now before the court.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be avoided, reversed, and

annulled; and it is further ordered, adjudged, and decreed, that this suit be dismissed at the cost of the plaintiff in both courts.