MOORE *vs.* NICHOLLS.

APPEAL FROM THE COURT OF PROBATES OF THE PARISH OF WEST FELICIANA.

The Court of Probates can alone take cognisance of an action to compel a tutor to render an account.

If a deposition contain testimony, founded in part only on the personal of the witness, that part is admissible.

The tutor has no power to expend more than the revenue of the minor, knowledge without the advice of a family meeting.

The facts of the case are fully stated in the opinion of the court, delivered by PORTER, J.

This is an action by a minor arrived at the age of majority to compel his tutor to render an account. In the petition it is alleged that the sum of twenty thousand dollars is due, and judgment is prayed for that amount. It also contains an allegation, that the tutor has removed from the state, and there is a prayer that a *curator ad hoc* may be appointed to represent him.

A curator was appointed in pursuance to this prayer who filed a plea to the jurisdiction of the court. It was overruled, and the cause examined on its merits.

The correctness of that decision is the first matter for our consideration.

The Court of Probates can alone take cognisance of an action to compel a tutor to render an account. It appears to us the judge did not err. The action is substantially one to render an account, and the Court of Probates can alone take cognisance of such a case. We need not examine what would be the proper tribunal, if the suit had been instituted to recover the penalty of the bond, because the curator had failed to account. Here the petition expressly calls on the curator to account, and the prayer is not for the penalty expressed in the bond, but for a much larger sum. 7 *Martin N. S.* 105. 4 *La. Rep.* 539. It is not objected that an appointment should have been

made of a curator, previous to the institution of the suit; and it is further contended that should this objection not be sustained, the appointment in this case was irregular, for no evidence appears to be given, that the defendant was an absentee, and that he had not a known agent in the state.

The 57th article of the Louisiana Code, provides, that if a suit *be instituted* against an absentee, &c. the judge before whom the suit is pending, shall appoint a curator *ad hoc*, to defend the absentee, &c.

The 116th article of the *Code of Practice*, declares that where *one intends to institute a suit*, he must demand that a *curator ad hoc* be named, to defend *it.*

The proceedings in the Probate Court, appear to us as a compliance in substance, with the provision contained in the *Code of Practice.* The petition states, that the plaintiff has a cause of action against an absentee, and requires that a *curator ad hoc* should be appointed to him. It prays that after this appointment takes place, service may be made on the curator, and that he be compelled to answer, &c. It cannot be considered an objection to the regularity of the cause here proved, that the petition was so special, that the curator was enabled, after his appointment, to answer to it, and that it authorised judgment, if the facts therein alleged, were found true.

The answer expressly admits the defendant to be a non-resident of the state, and this admission must be considered as conclusive as to the fact, for the answer is not signed by the *curator ad hoc*, but by the counsel of the absentee. It is true the same person acts in both capacities, but the presumption is, that after his appointment, he corresponded with the defendant, and was intrusted by him with the 'defence.

The objection to the regularity of the proceedings, which rests on the absence of any proof that the defendant had not a known agent in the state, is removed by the reflection, that if the defendant had not an agent, it was a negative which the plaintiff could not establish.

Both parties complain of the judgment on the merits, and it enters into the consideration of its correctness, whether the

tutor owed interest at ten or at five per centum, for the monies in his hands. The defendant received his appointment under the old Code, and previous to the adopting *Louisiana Code.* We are saved the necessity of deciding whether a law, passed after the nomination of the tutor, which increased the rate of interest he was to pay on the minor's funds, could be considered as impairing the obligation of a contract; for, on examination, we find that the 341st article of the *Louisiana Code* was repealed, before it was promulgated. *Acts of* 1825, *p.* 198.

An objection was made on the trial to the introduction of the deposition of one Williams. The bill of exceptions contains no ground on which this objection could be sustained, save an allegation, that the witness did not testify from his own knowledge, but from the information of others. A recurrence to the deposition shows, that this allegation is only correct in relation to some of the matters testified to by the witness. The court, therefore, did not err in admitting the proof, so far as it related to those things to which the witness could legally testify. As the whole case is before us on the evidence, it would be vain to remand the cause, to enable the judge of Probates to pass again on the accounts.

*If a deposition contain testimony, founded in part on the personal knowledge of the witness, that part is admissible.*

The payment made by the tutor exceeds the amount of the annual revenue of the minor, calculating that revenue at five per centum on the capital in the hands of the former. The judge of Probates in passing on the account, deducted the payments, first from the interest accruing each year, and then from the capital. In this, we think he erred. By the 60th article, page 70, of the old Code, tutors are expressly prohibited from expending more than the revenue of the minor; and admitting that the charge made in this respect by the *Louisiana Code,* could affect the obligations of a tutor appointed previous to its passage, it does not appear the advice of a family meeting was obtained, as the provisions of the work last named require. *La. Code,* 343.

*The tutor has no power to expend more than the revenue of the minor, without the advice of a family meeting.*

We, therefore, think judgment must be rendered in favor of the plaintiff, for the amount of the capital received by the tutor, to wit, seven thousand nine hundred and eight dollars

and sixteen cents, and this opinion renders it unnecessary to examine the particular objections filed to the account of the defendant, as there are enough of items in it clearly established, equal to the amount of the revenue.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be annulled, avoided and reversed; and it is further ordered and decreed, that the plaintiff do recover of the defendant, the sum of seven thousand nine hundred and eight dollars and sixteen cents, with costs in both courts.