### J. Tegart v. T. C. McCaleb, et al.

It is incumbent on a tutor to show that he has used due dilligence to collect the assets of the administration with which he is charged, or he will be held personally liable.

A tutor cannot, without the advice of a family meeting, encroach upon the capital of the minors in his hands, for their support, education, or even subsistence. C. C. 343.

One who being made a party to an appeal, answers, adopting the allegations and prayer of the appellant's petition, but without having himself appealed, is not entitled to relief.

APPEAL from the Parish Court of West Feliciana, *Weems*, J.

*Ratliff*, for plaintiff and appellant. *Bowman & Mayo*, appeared in the Parish Court for the defendants. The record does not disclose by what counsel defendant was represented in the Supreme Court.

Voorhies, J. On the death of *Patrick Tegart*, *Edward Story* was appointed and qualified as tutor to his minor children, *Edward* and *Joseph Tegart*. During his administration as tutor, *Edward Story* died, and was succeeded in his trust by *John Seveny*, who having also died shortly afterwards, was succeeded by *Thadeus C. McCaleb*. The latter instituted proceedings against *Samuel M. Nesmith*, administrator of the succession of *Edward Story*, deceased, in order to obtain the rendition of an account of tutorship, to the minors *Tegart*. In compliance with an order of court, *Nesmith* filed an account, several of the items of which were opposed by *McCaleb*. On the trial of the cause, the Probate Court of West Feliciana, after having sustained the opposition to some of the

items, and rejected it as to others, rendered a judgment in favor of McCaleb, as tutor, for the sum of $5,230 62, with five per cent interest from the 27th of August, 1845, until paid, with the right of a legal or tacit mortgage. After the lapse of several years, *Joseph Tegart* having attained the age of majority, took an appeal from the judgment thus rendered, and caused to be cited as parties to the appeal *Samuel M. Nesmith*, as administrator of the estate of *Edward Story*, deceased, also the legal heirs of the deceased, and those of *Thaleus C. McCaleb* deceased.

The heirs of *Edward Story* not having prayed for an amendment of the judgment appealed from, except *Edward Tegart*, whose claim cannot be examined in this form of action, the contestation thereupon rests on the ground of opposition filed by *McCaleb*, as tutor, to the account rendered by *Nesmith*, as administrator, which were disallowed by the Probate Court, and these set forth in the petition of appeal, as errors apparent upon the face of the record.

The objections set forth in *McCaleb's* opposition are, that the items 2, 3, 4, 5 and 6, debited in voucher No. 13, are incorrect and unsupported by proof; that the payment of the sums debited in vouchers No. 16, 17, 19 and 20, is not shown to have been for the benefit of the minors; that the sum of about $20 was overcharged for schooling and clothing; that *Story's* succession is liable for *Bradford's* note, not having used proper diligence to enforce its payment; and also for the sum of $160 79, the piece of property adjudicated to *Marks*, for which no note was taken as required by the terms of the probate sale. *McCaleb* also objected, that he was not bound to take the note of *Sullivan* for $4,500 on account of the amount due his wards.

The Probate Court sustained the opposition, except as to items 5 and 6 of voucher No. 13, amounting to $163 31, and *Bradford's* note for $30. We have been unable to discover any evidence in the record to sustain the claim of $163 31, purporting to be notes charged in *Kernan's* account, as voucher No. 13. As to *Bradford's* note, payable on the first of January, 1838, according to the terms of the sale, there is no evidence showing that due diligence was used to collect the same either by *Story* himself during his lifetime, or after his death by the administrator of his estate. It was clearly incumbent on the latter to have shown such diligence to exonerate the estate from liability. 6. N. S. 194, 9 L 48, 7 R. 477. We are of opinion that these two sums were improperly allowed as credit to *Story's* estate.

The appellant in his petition of appeal has urged, among other objections, that ten per cent. interest, as stipulated, on the purchase money from maturity, has not been accounted for by the administrator; and that there is error in the judgment in allowing the expenses for the support and education of the minors to be taken from the capital. As it is clear that the first ground of objection cannot be considered as an error apparent upon the face of the record, in the absence of any proof to the contrary, we think it may be fairly presumed that the purchase money was paid at maturity. Hence the tutor was only accountable for interest at the rate of five per cent. per annum, deducting therefrom his commission of ten per cent. and the expenses for the support and education of the minors. We are of opinion that the other objection is well taken. After deducting the sum of $16 70 as overcharged, the sum of $1,316 62 is charged to the minors for schooling, boarding and clothing from the 1st of January, 1837, to the 1st of August, 1843. The Civil Code, Article 343, provides explicitly that the expenses for the support and education of the minor ought never to exceed his

revenues. In case of the inefficiency of his revenues to procure him an education, the tutor must cause a family meeting to be convened in order to deliberate whether it be for the advantage of the minor that something should be taken from his capital. In case also that "his revenues should be evidently insufficient to procure him subsistence, the tutor, by the advice of the family meeting, may be authorized to take from the capital in order to supply his wants." This amount was also improperly allowed as a credit to the estate of *Story*.

The appellant is therefore entitled, in our opinion, to recover from the succession of *Edward Story*, deceased, one-half of the credits thus improperly allowed by the court below.

*Edward Tegart* being made a party to the appeal, has filed an answer to the appellant's petition, adopting the allegations and prayer therein set forth. Not having himself taken an appeal from the judgment, we do not think that he is entitled to the relief which he has prayed for. See the case of

It is therefore ordered and decreed that the judgment of the court below, so far as the same relates to *Joseph Tegart*, be so amended as, that said *Joseph Tegart* recover from the estate of *Edward Story*, deceased, in due course of administration, the additional sum of $754 96½, with five per cent. interest thereon from the 27th of August, 1845, being one-half of the sums in question which should have been included in said judgment, and that said judgment, so modified in favor of said *Joseph Tegart*, be affirmed, without prejudice to the rights of said *Story's* succession arising from any payments which may have been made on account of said judgment since the rendition thereof by the Probate Court, or to any rights of subrogation thereto existing in favor of the legal heirs of *Thadeus C. McCaleb*, resulting from payments made by the latter to his wards, and that the costs of appeal be paid by said succession of *Story*.