ELIZABETH McWILLIAMS v. HAMILTON McWILLIAMS.

In the absence of allegations and proof to the contrary, the presumption is, that a tutor has done his
duty in defending a suit against a minor, and he must, therefore, be allowed a credit for the payment
of the judgment, as well as counsel fees for defending the same and rendering the tutor's account.

The tutor cannot, even for the *necessary maintenance* and *education* of the minor, expend more than
the revenues of his estate, without the advice of a family meeting.

APPEAL from the District Court of the Parish of Carroll, *Farrar*, J.
*Sparrow & Montgomery*, for plaintiff and appellant. *F. F. Montgomery*,
for defendant.

MERRICK, C. J. The tutor charges himself with $875, as the total amount
received from the estate of the minor's father.

The boarding and tuition of the minor, with her necessary clothing and appa-
rel for three years, exceed this sum by $23 13.

The minor having arrived at the age of majority, opposes the account on the
ground that the tutor could not, without the advice of a family meeting, expend
more than the revenues of her estate.

One of the items charged in the account is $128 33, the amount of a judgment
obtained against the tutor. In the absence of allegations and proof to the con-
trary, we must suppose the tutor did his duty in defending this suit. C. P. 1004.
The judgment against the tutor is a judgment against the minor. See C. P. 615,
and Act of 1826, sec. 12, amendatory thereto. He must, therefore, be allowed a
credit for this payment, as well as counsel fees for defending the same, and ren-
dering the tutor's account.

In regard to the other items of the account, although they seem to have been
for the *necessary maintenance and education* of the minor, we feel constrained, un-
der the positive provisions of the Code, to reject the same. It was in the power
of the tutor, with the advice of a family meeting, to have used some portion of
the capital for the maintenance of his ward. By not obtaining the authority
from the family meeting, he trusted to the minor's own sense of justice and right,
and she has decided against him. As the law now is, he has no redress. 5 L. R.
490 ; *Tegart* v. *McCaleb*, 10 An. 289 ; *Payne & Harrison* v. *Scott, tutor*, 14 An.

The same point was also decided in *Franchebois* v. *Richard, tutor*, at Opelou-
sas, in 1858, not reported.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment
of the lower court be avoided and reversed, and that the opposition to said tutor's
account be sustained, so far as to reduce the items of credit allowed said tutor,
to the sum of two hundred and three dollars and thirty-three cents, and that the
balance in the hands of said tutor in favor of the minor on the account so
amended be fixed at the sum of six hundred and seventy-one dollars and sixty-
seven cents, for which judgment is hereby awarded said *Elizabeth McWilliams*
against her said former tutor ; and it is further ordered, that said *Hamilton
McWilliams* pay the costs of the opposition and this appeal, all other costs of the
account being at the charge of said minor.