No. 1228.—Succession of WM. SAMUELS, on opposition of G. HEATION, Under Tutor, to account of Natural Tutrix.

The tutrix, under an order of the court, filed a final account of her tutorship, which the under-tutor opposed. The district judge dismissed the account and ordered the tutrix to file another within fifteen days. Held that—the account first filed should have been amended and corrected and homologated as thus amended. The under-tutor is not responsible for the expenses of litigations with a tutrix in behalf of minors unless he act in bad faith. 19 An. 153.

APPEAL from the Second District Court of New Orleans, *Thomas, J.,* *Buchanan & Gilmore,* for appellant. *Breaux & Fenner,* for appellee.

REPORTER. This case was decided in May, 1868, by the Supreme Court organized under the constitution of 1864. A rehearing was granted, and the case was transferred to the present court. On re-examination the decree was changed so as to relieve the under-tutor from the payment of costs.

LABAUVE, J. William Samuels died on the third of September, 1860, leaving a surviving widow in community and four minor children, issue of that marriage. On the —— day of August, 1865, the widow entered into a second marriage, and was continued in the tutorship of her children.

On the first of September, 1865, George Heation, under-tutor, obtained a rule upon the said tutrix and her second husband, James S. Marsden, to show cause on the fifteenth of September, 1865, why they should not render an account of tutorship. This rule was made absolute, and the tutrix and co-tutor were ordered to render an account of tutorship on the first of October, 1865.

A final account was rendered according to an interlocutory order of the court, on the tenth of January, 1866, as follows:

*September, 1861—Property of Succession as per former Account.*

| | | |
|---|---|---|
| Cash on hand | $584 | 87 |
| Furniture, value | 461 | 00 |
| Watch | 75 | 00 |
| Lots in Greenwood Cemetery | 75 | 00 |
| One double-barreled shot gun | 30 | 00 |
| Lots of ground in Kennerville | 400 | 00 |
| House and lot on Benton street | 7,000 | 00 |
| Fifty shares Union Bank stock | 5,000 | 00 |
| Twenty-two shares Bank of New Orleans | 2,200 | 00 |
| Three notes of George Heation | 15,680 | 34 |
| | | |
| Total value of succession | $31,506 | 21 |

| | | |
|---|---|---|
| July 15, 1863—Amount of interest from George Heation on account of his three notes | $2,822 40–34,328 | 61 |
| One-half of which belongs to the minors | 17,164 | 31 |
| Deduct amount of debit of the minors | 3,847. | 35 |
| Amount of minors' estate in property and cash as shown above | $13,316 | 96 |

On the sixteenth of January, 1866, the under-tutor opposed this account: .

"Notary's fees $25, for holding a family meeting, and $200, fees paid Buchanan & Gilmore charged entirely to the minors, when it should be one-half; and the following amounts received by the tutrix not accounted for: .

"Rent from Benton street house from first of February, 1861, to thirtieth of September, 1862, $1,200; dividends on twenty-two shares of stock, Bank of New Orleans, $176; dividends on stock, Union Bank, $400; rents of house on Benton street from thirtieth of September, 1862, to April or May, 1865.

"The house on Rampart street and that on Erato street have been rented since their purchase, and no account is given of the revenues thereof.

"The lots in Kennerville have been rented or might have been rented."

The opposition concludes by praying that this amount be r jected, and that the tutrix and co-tutor be ordered to file a new account according to law, and to give security for their faithful administration.

The judge gave a long decision, and concluded by decreeing that this account be rejected, and that the tutrix and co-tutor be ordered to render a full and detailed account of tutorship within fifteen days.

The accountants and defendants took this appeal.

We are of opinion that our learned brother below erred in rejecting the account in toto. This account should have been amended, as the tutrix improperly charges herself with $2,822 40 interest on money due by Heation, and accrued during her widowhood, and also as she credits herself wrongfully against the minors with their board and tuition during the same time. The widow was usufructuary of the shares of her children in the community up to her second marriage. Acts of 1844, p. 99, section 2. Therefore these interests were her property. The charge of $3,600, made against the minors for their board and tuition, when they had no revenue and pending the usufruct, is improper in this, that there were no means to pay such expenses except from the capital, and the tutrix does not pretend or show that she was authorized to touch the capital of the minors. C. C. Art. 343. The other charges made against the minors must be rejected for the present, to wit: Notary's fees for holding a family meeting, $25; Buchanan & Gilmore, $200; Clerk's fees, $22 35. Nothing shows what they are for, and we see similar charges made to the succession in a former account.

The opposition is untenable. All the house rent, dividends on bank stock, and lot rent accrued during the usufruct, belong to the usufructuary. Besides, the house on Rampart street, and that on Erato street, which she purchased since the death of her first husband belong to her and not to the succession, nor to the minors, notwithstanding she may have paid with money derived from the succession.

It is therefore ordered and decreed that the judgment appealed from be annulled and reversed; and proceeding to render such judgment as

the court below should have rendered. It is further ordered and decreed that the oppositions be dismissed. That the interest of two thousand eight hundred and twenty-two dollars and forty cents received of Heation and charged to the tutrix, and the amount of three thousand eight hundred and forty-seven dollars and thirty-five cents charged to the minors for their board, tuition, etc., be rejected from said amount, reserving to the tutrix to show hereafter at proper time, the propriety of the notary's fees, twenty-five dollars; Buchanan & Gilmore's fees, two hundred dollars; and the clerk's fees, twenty-two dollars and thirty-five cents; reserving to the parties their respective claims to revenues, interest of money and rents, and for support and tuition of the minors, accrued subsequently to the expiration of the usufruct. And that the account thus corrected and amended, and showing an amount of thirty-one thousand five hundred and six dollars and twenty-one cents in value of property and money received, one half of which belongs to the minors, be homologated.

It is further ordered and decreed that the plaintiff, George Heation, under tutor, pay the costs of the opposition below and those of appeal; and the defendants and appellants all the costs below, other than in the opposition.

ON REHEARING.

HOWELL, J. A rehearing has been granted in this case to the under-tutor on that portion of the former decree of this court, which condemned him to pay costs of his opposition in the lower court and those of appeal.

In the case of *Lacey* v. *Lanaux*, 19 A. 153, the principle was recognized that an under-tutor is not responsible for the expenses of litigation with a tutrix in behalf of minors, unless he act in bad faith, but that the minors or their estate must bear such expenses. In this case no bad faith exists on the part of the under-tutor. On the contrary, the opposition made by him seems to have resulted somewhat to their advantage.

It is therefore ordered that so much of the decree rendered herein by this court, on the eighteenth of May, 1868, as condemns " George Heation, under-tutor, to pay the costs of the opposition below and those of appeal," be set aside, and that said costs be paid by Mrs. M. A. Marsden and her husband, J. S. Marsden, in their capacity as tutrix and co-tutor of the minor heirs of Wm. Samuels, and that in other respects said decree remain undisturbed.