## No. 9083.

### SUCCESSION OF MÉLINA WEBRE.

Interdicted persons are, in every respect, subjected to the same rules and protected by the same laws which govern minors.

The curator of an interdicted person cannot incur expenses for the support and maintenance of his ward in excess of the latter's revenues.

Such expenditures, unless authorized by a family meeting, are at the risk of the curator, who, in his final account, will be held liable for the capital, intact, of the interdict's estate.

The account of a curator is due to the court, and his omission to make the heirs of the interdict parties to the proceeding will not debar the latter of their right to oppose his account.

APPEAL from the Twenty-second District Court, Parish of St. James. *Cheevers*, J.

*Sims & Poché* for Opponents and Appellees.

*James Legendre* and *St. M. Bérault* for the Curator, Appellant.

The opinion of the Court was delivered by

POCHÉ, J. Mélina Webre, who had been insane and under interdiction during the last years of her life, died single, without ascendants or descendants, in November, 1881, in the Parish of St. James, where her succession was duly opened and her sister, Mrs. François Sevin, was appointed administratrix. Her legal heirs are her brother and her sisters and the minor issue of her two predeceased sisters.

In June, 1883, François Sevin, her brother-in-law, who was her curator at the time of her death, presented his account of curatorship and, on the same day, his wife presented her account of administratrix, based upon the accounting of the curator.

Oppositions were filed to both accounts by the tutors of the minor heirs, urging numerous objections.

Both oppositions were fixed for trial for the same day, but the record shows that the opposition to the account of curatorship alone was tried. From an adverse judgment Sevin, "personally as a creditor and as curator," has taken this appeal. The other case is not before us.

Our attention is first called to a bill of exceptions, taken by appellant, to a ruling of the lower court, which overshadows the whole controversy.

In the inception of the trial the accountant moved for the dismissal of the oppositions to his account of tutorship, on the ground that the same had been presented to the administratrix and that opponents had not been made parties thereto, hence, it was alleged that their oppositions should, and could alone, have been presented by means of an intervention or third opposition.

The account of curatorship was, under the law, due to the court, and all interested parties should have been made parties to the proceeding.

It is true that the administratrix represented the heirs and creditors of the succession, to a certain extent, but a judgment homologating the account of curatorship, contradictorily with her alone, could not have concluded the minor heirs of the interdict.

Hence, the law opened the door to their tutors and legal representatives for the protection of their rights.

It is very clear that in presenting his account to the administratrix alone, the curator could not defeat the rights of parties whom he had illegally omitted to notify to appear in the proceedings and urge objections to his proposed settlement.

His motion was, therefore, untenable and it was properly overruled.

The account of curatorship showed that the capital of the interdict, amounted to $1690 72, and that her revenues, consisting of interests, aggregated $525 60.

He proposed to be credited with the following sums alleged to have been paid by him on account of the interdict:

For her support, from his appointment as curator, in 1878, to
  her death, in 1881 .................................... $449 08
His commission .......................................... 56 10
For debts, including expenses of last illness and funeral
  charges, paid since her death ........................ 188 90

And he claimed as another credit the costs of board and support of the interdict during his three years of curatorship, at the rate of $20 a month, the sum of $760, thus leaving a balance of $762 24 in favor of the estate.

The main ground of opposition is levelled at the fact that the charges made by the curator exceed the revenues of the interdict; and, that his account should, therefore, be amended so as not to encroach on the capital of the estate. That view was adopted by the lower court, and the curator was held liable for the sum of $1690 72, amount of the capital received for the interdict, by him, from her previous curator.

As the appellant does not even allege or pretend that he was authorized by a family meeting to take anything from the interdict's capital, for her support, his claim for her maintenance, during his curatorship, is without the slightest foundation in law. As the interdict was, at times, violent, and her condition required great care and attention on the part of the curator and his wife, at whose house she lived during that time, we confess that the refusal of that allowance is a considerable hardship, but the law is imperative and it must be obeyed. That proposition is so plain and elementary, that on appeal the curator's counsel have not pressed that claim, and we understand that they have, in all fairness and candor to this court, virtually adandoned it.

Their contention is mainly to obtain allowance out of the capital of the succession for law charges amounting to $75, and for expenses of the last illness and funeral charges, aggregating $188 90.

If the curator had not received any revenues from the interdict's cap ital, their position would be sustained by jurisprudence and the allowance could perhaps have been made; but the record shows that there were revenues and that the same had been absorbed by the curator during the three years of his administration, during which he disbursed the revenues which had accumulated during the preceding curatorship, and that such disbursements had been made without legal authority. Hence, we are powerless to allow even that amendment.

The argument that the account should be amended only to the extent of the shares of opponents and not as to the interest of the other heirs, who had not joined in the opposition, is without force.

The account which was due to the court must be treated as an entirety, and the court cannot homologate or amend such accounts by piecemeal.

Judgment affirmed.

Appellant strenuously urges error in our refusal to allow him credit for the sum of $188 90 in reimbursement of amounts disbursed by him on account of certain law charges, for the expenses of the last illness and for funeral charges of the interdict.

In refusing him that credit we did not intend to refuse payment of the expenses of the last illness and of funeral charges out of the estate of the interdict—but simply to deny them to the curator.

His functions ceased at the death of his ward, and he then became powerless to incur any debts for her account. Nothing in our opinion precludes the administratrix, when she presents her final account, to provide for the payment of the expenses of the last illness and of funeral charges. The question will properly come up at that time—and is not decided in the present controversy—her account is not yet before us.

Rehearing refused.