### No. 10,265.

### JOHN MAHONY, INDIVIDUALLY AND AS TUTOR, VS. BEDELIA MAHONY, ADMINISTRATRIX, ETC.

While a tutor is liable for the revenues yielded by the property of his ward, under his control. and administration and which he has collected, he is entitled to be credited, in a settle ment with them, with all disbursements for insurance, repairs, taxes, board and lodging etc., made by him, in his official capacity.

He has no authority in making such disbursements — however necessary — to spend more than the revenues and thus encroach on their capital, without the assent of a family meeting approved by the Court.

A tutor who has, in good faith, taken charge of his wards and administered their property, as well as could have been done under straightened circumstances, cannot be charged with maladministration, simply because, in the course of time, the buildings have become more or less dilapidated.

A clerical error, in the computation of the amount of an indebtedness, though formulated in the decretal part of a judgment of the Supreme Court, may be rectified and the correct amount specified, in passing on an application to review, without granting a re-hearing.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe*, J.

---

*T. Gilmore & Sons* for Plaintiff and Appellant:

*Mott, Drolla & Augustin and Henry Denis* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J.    This is a suit by the children of Luke and Honora Mahony against the succession of their tutor and uncle for the revenues of property inherited by them from their authors, and which was under the administration of their said tutor, Francis Mahony, during five years and several months.

They collectively claim $2500, to be afterwards apportioned among themselves, the sum being the aggregate of rents received, averaged at about $40 per month.

To the demand, the succession answers substantially, that the average rent was $20 per month, and that, after deduction of disbursements for insurance premiums, repairs, support of the minors, tutor's advances and commissions, the balance remaining is $88 15, which are tendered.

From a judgment allowing the sum claimed in full, apportioning it among the heirs, the administratrix of the succession of the late tutor prosecutes this appeal.

It is difficult, not to say impossible, to conceive how, under averments which, for the best could, if proved, hold the tutor liable for the largest amount which the property could have yielded while in his administration, this official can be sought to be made to pay that sum, without crediting him with disbursements which he necessarily must have made.

It appears that the only property owned by the plaintiffs consists in a piece of real estate with buildings, etc., thereon, which was appraised, at the time of the appointment of the tutor in 1879, at $1000, although true it be, that eight years previous, the same had been purchased for four times as much, part cash and part on time, and was assessed at $2000.

Much testimony was adduced to prove the condition of the buildings and the rentals yielded. It establishes clearly that they were in bad condition at the time of the death of Mrs. Mahony, the plaintiff's mother and tutrix, who had had them in her charge and custody during the four years which intervened between her husband's death, in August, 1874, and her own, in December, 1878, and that they continued such, with the difference that their condition grew worse as time rolled by, for want of better keeping and repairing.

The testimony is vague, disconnected, unsubstantial, unsatisfactory and surely does not establish that the property yielded $40 monthly during the time that it was in the charge of Francis Mahony, the deceased tutor.

Patiently and as attentively considered as it can be, it leaves the impression on the mind, however, that the property has rented more than

the $20 monthly admitted by the defendant during that period, and that, considering the fluctuations in the rental of property, the non-rental of the same, the non-payment of rents and the other incidental and unavoidable disappointments in the same, an allowance of $30 per month, during the course of tutorship, is a liberal one.

This would give a total for the five years and eight months, constituting that period, of $2040.

On the other hand, the heirs cannot be permitted to claim the gross rent received and to ignore the counter demands of the tutor.

It would be idle work to enumerate specifically here, the numerous items of disbursements for insurance, taxes, repairs, support of at least two of the minors, advances by the tutor, his commissions on sums collected.

It is enough to say that, in addition to the presumption attaching for such disbursements, the proof in the record establishes that the tutor is entitled for the same to a credit of $1535, which would leave a balance in favor of all the children, four in number, of $505, or thereabout.

The evidence shows, however, that no expense was incurred for the minor Mary, who was cared for by a friend, and that since 1883, John has been self-supporting. The item for board, lodging, etc., during the tutorship, must be borne by two of the children, and to some extent, difficult to determine with exact precision, by John, but which may be set down at $50.

The share accruing in the residue to those two minors cannot, nevertheless, be charged with the item for board, etc., for the reason, that the tutor was not authorized by a family meeting and the judge, to encroach upon their capital. He ought to have restricted the expenses to the revenues. This entitles the minors to be relieved of the difference.

It is proper to say, that the charges of maladministration against the tutor are groundless. It appears to his justification, that in the straightened circumstances under which he labored, he acted honestly and in good faith, and that his devotion to his nephews and nieces had involved him pecuniarily.

It is therefore ordered and decreed, that the judgment appealed from be amended, so as to reduce the amount allowed by it against the succession of Francis Mahony to $203; whereof $76 50 shall accrue to John Mahony, individually; $126 50 to Mary Mahony, represented by her tutor; and nothing to the other two minors, Cornelius and Francis; with legal interest from judicial demand, and costs of the lower court, and that thus amended, said judgment be affirmed at appellees' costs.

## ON APPLICATION FOR REHEARING.

A re-examination of the record establishes the fact that the succession of the tutor ought not to have been credited with the amount of city taxes since 1882, on the property of the minors, as these were not paid. The amount must, therefore, be debited to the succession, leaving it, therefore, in debt for $780.

By this operation, the share of each child would be increased by $68 75, one-fourth of the amount improperly credited, practically benefitting John and Mary Mahony, only.

A review of the record satisfies us that, as is admitted by the brief in support of the application for a rehearing, the deceased tutor is entitled to a credit of $1280 62, exclusive of the taxes, considered to have been paid, but which was not so.

The amount due being $780, each child would be entitled to $195 25, John's share to be charged with the $50 mentioned in the opinion, that of Mary to go to her *free* from all counter claim, and those of Cornelius and Francis to be burdened, as far as they go, with the claims of the tutor against them, which absorb those two shares, so that the minors receive nothing.

The corrections can be made without granting a rehearing.

It is, therefore, ordered that the previous decree be amended so as to entitle John and Mary, the latter through her tutor, to recover from the succession of Francis Mahony three hundred and forty dollars and fifty cents ( $340 50 ), whereof one hundred and forty-five dollars and twenty-five cents ( $145 25 ) to accrue to John Mahony, and one hundred and ninety-five dollars and twenty-five cents ($195 25 ) to accrue to Mary Mahony, and that thus amended, said decree become final and executory.

Rehearing refused.