## No. 13,023.

## TUTORSHIP OF MINOR HEIRS OF SAMUEL S. WATSON.   ON OPPOSITION TO ACCOUNT.

### SYLLABUS.

1st. EXPENSES IN EXCESS OF REVENUE.—Where the tutor's expenses for the support of the minor exceed her revenues, and no family meeting recommended the expenses, and the minor, arrived at her majority, refuses to recognize the amount as due, he is not entitled to any credit for the amount in excess of revenues.

2nd. INTEREST.—The tutor is liable for interest on all sums of money of his ward which came into his hands.

3rd. FEE OF ATTORNEY.—The fee not having been claimed in the lower court, the Supreme Court affirms the judgment without allowing a fee not claimed heretofore.

4th. CARRYING CLAIM ON THE INVENTORY.—The notary, who, sometime after an inventory was made, becomes the tutor of the minor, is not precluded from showing that a debt due by himself was erroneously credited in the *process verbal* of the inventory.

5th. CHARGED IN ACCOUNT.—The court *a qua* fixed the amount of an indebtedness arising from several sums collected. There was a presumption raised in favor of its correctness. Succession of Bauman, 30 Ann., 1138.

6th. THE JUDGMENT.—With reference to very small items of an account, the judgment will not be disturbed, unless error be shown beyond all question.

### ON REHEARING.

A tutor is ruled to file an account of his administration and does so, claiming a balance as due him by the estate of his ward. On opposition to the account and final adjustment, it is decreed he owes a balance to his ward. From this judgment he appeals, but does not succeed in reversing the judgment, nor in amending it by reduction in his favor.

HELD, costs of appeal are to be borne by the tutor individually; those of lower court by the estate.

ON APPEAL from the First Judicial District Court for the Parish of Caddo. *Land, J.*

*D. T. Land* for L. E. Carter, Tutor and Appellant.

*L. E. Thomas* for Opponent and Appellee.

Argued and submitted January 27, 1899.
Opinion handed down May 29, 1899.

Decree amended, and rehearing refused, June 27, 1899.

On application for rehearing *per curiam.*

---

The opinion of the court was delivered by

BREAUX, J.   The opponent, a minor until recently, at her majority sued her tutor for an account of his tutorship.   The tutor filed his account showing a balance in his favor.

The record discloses that the opponent and her sister, also a minor, a short time after their father's death became wards of L. E. Carter, the party from whom opponent claims an amount as due her.

The sister, Evelyn, died in 1882, and from that time the opponent was the only heir of her father's estate.

The property consisted of a tract of land, live stock, some movables and interest in a dairy, also personal property of little value.

The tutor kept up the dairy until the expiration of the lease, and collected a few hundred dollars of revenue therefrom.

In 1891 it became evident that the minor did not have revenues enough to pay for her maintenance and education.   On June 24th, 1891, a family meeting gave authority to the tutor to expend an amount out of the capital of the minor not exceeding the sum of $12.00 per month for her support.

The tutor, who is appellant, avers that his former ward did not authorize the attorney to sue him for an account of tutorship, and to repudiate expenditures made for her maintenance and education, though not warranted by a family meeting; and he further contends that he does not owe her interest on the capital and revenues received by him, and that if he does owe that interest, he is entitled to interest on amounts paid out by him for her.

The tutor asks the court to allow and fix the fee of attorney for preparing and filing the account of tutorship, or to reserve appellant the right to claim it in his account.

Before this court the minor answered the appeal, and asked for an increase of the judgment, on the ground that the district judge erred in his finding that, on June 24th, 1891, the minor's capital was $1,268.20, and contends that the amount really due at that date was $1,505.45; also, that he erred in finding that a due bill of the tutor, for $175.00, due to the late father of the opponent, had been paid, and that he erred, also, as relates to an item of $62.25, and another item of $16.

The district judge, in his opinion, states that the real estate, and part of the personal property, were sold at public sale in March, 1882; that the dairy was run until the expiration of the lease, about the same time; and he says, among other things, that, practically, there is no contention on the fact, save that opponent claims that the tutor can not charge for money expended for her, beyond the revenues; and he holds that the tutor owed interest on the capital and revenues received by him.

In the briefs other issues are argued, but they relate to small accounts.

(1) As relates to the expenditure of the tutor exceeding the revenues of the minor, the complaint is that the tutor had trusted to the minor's sense of justice and right, and that the minor alone can urge the objection when arrived at the age of majority.

After an examination of the facts regarding this issue, we arrived at the conclusion that the former ward unquestionably authorized her attorney to act for her, and claim the deduction of the amount which exceeded the sum the tutor was authorized to expend for maintenance and support, and that, in consequence, he is without right to recover any sum in excess of the amount allowed by the family meeting for the support and education of the minor.

"The expenses for the support and education of the minor ought "never to exceed his revenues." C. C., 850.

The authority given to hold a family meeting was invoked, and the tutor was authorized to take from the capital in order to supply her wants. If he paid more than he was authorized to pay, he has no one to blame save himself. If the minor, upon arriving at majority, did not choose to approve his acts, it was a matter which the law leaves exclusively to the sense of right of the minor.

2nd. Now, as relates to interest, another issue before us at the instance of opponent, it is settled that the tutor owes interest on sums that fall into his hands, unless he shows that he invested them. Fulton vs. Curtis, 3 La., 194; Monget, Tutor, vs. Walker et al., 4 Ann., 214.

In Fuselier vs. Babineau, 14 Ann., 777, a well considered case on the subject, this court said: "The counsel of appellee argues that interest was improperly charged the tutrix upon the various sums of money received by her.

This argument is based upon a variation between the expression

used in Art. 71, p. 70, of the Code of 1808, and Art. 841, of the Code of 1825. The former provides, that the tutor is bound to pay to his ward, interest at the rate of five per cent. on all sums which he shall have received on his account from the time he shall have received such sums respectively, without being admitted to free himself from such interest under pretence of his not having been able to lay the money out.

The Article 341 of the new code directs the tutor to invest in the name of his minor the revenues which exceed the expense of his ward, whenever they amount to the sum of five hundred dollars. And, in default of making such investment, the tutor is bound to pay (by the Act of 1825, p. 198, par. 1), legal interest.

The obligation of the tutor to pay interest on moneys of the minor which come into his hands, can scarcely be considered an open question, at this day, after the many decisions recognizing such an obligation, since the Code of 1825 is in force.

We will content ourselves, therefore, with observing that the word 'revenues,' in the first paragraph of the Article 341, is to be taken as synonymous with the word 'funds,' in the second paragraph of the same article; and as meaning *all moneys* belonging to the minor, that come into the hands of the tutor in the course of administration." (Italics ours.)

We have quoted freely from the foregoing decision, for the reason that it is determinative of the point at issue. Under the circumstances, the tutor was liable for interest on all funds from the time of the receipt of the different amounts. But the tutor contends that if he owes this amount, he is entitled to credit at the same rate of interest on amounts expended; and cites the case entitled, Tutorship of the Minor Heirs of Hollingsworth, 45 Ann., 134, in support of his contention.

We do not think that this case has a direct bearing upon the point now before us for decision. In the cited case, the tutor had mingled the administration of the minor's estate with his own; under the circumstances, the court held that the proper mode was to compute interest on the active and passive side of the account, for the reason that the passive side involved more than the mere paying of an amount for the minor's support. It included considerable service in the interest of the minors; the making of improvements on their lands under the supervision of the tutor. In the case before us for decision,

all that the debtor did was to pay the amount, a small one, to the aunt of the former ward, in whose care the minor was. We do not think that in law or justice he has earned any right to the interest claimed.

3rd. With reference to the fee of attorney claimed, the account was filed and made out, we presume, by the tutor himself, and no amount was placed therein for the service of attorney.

The case was tried, decided, and brought to this court on appeal.

In all the proceedings no mention was made heretofore of attorney's services. We think it is too late to call upon the court, at this time, to fix the amount for the services, and that there is no precedent under which it is possible to hold that after proceedings, and delays, and failure to ask for services, the right to recover for services should be reserved in matters of successions, and settlements of minors' accounts. The maxim that litigation should not be indefinitely protracted applies with great force; and, therefore, we must decline to grant the request made in the brief.

This disposes of the contention presented by the tutor and appellant. As relates to the appellee, who asks for an amendment of the judgment:

4th. We take up in the first place, the item of $175, carried on the inventory by the notary, (who afterward became ·tutor of the minor), as due to the succession of the late S. S. Watson, father of the minors.

It appears by the tutor's testimony, that this due bill was not due to the succession of Watson, but that it was held by him for another, to whom it was paid after the notary, who made the inventory, became the tutor of the minor.

The district judge accepted the statement as correct. The amount was not large. He (the district judge), we infer, knows the former tutor (appellant here) personally, who, as tutor, acted under his supervision of the minor's interest. His decision regarding this amount, under the circumstances, impresses us as being absolutely correct. Besides the tutor's testimony, there is evidence which sustains his claim.

We do not think that we should be warranted in disturbing the judgment appealed from, as relates to this item. There is no evidence to impeach the testimony.

Now, with reference to the item of $62.25, this is not abundantly·

supported by evidence, but there are larger items which may include this amount. We do not know, of course, the items which compose the different statements. We judge that it is included in one of these items, as no objection was raised in the District Court. No evidence was admitted pointing out specially any error. We conclude that it was properly charged.

6th. Lastly, as to the item of $16 paid for the minor's support and education, it does not appear by reference to particular receipts that $12 was paid, as charged, instead of $10, as claimed by the opponent; but there are a number of receipts in the transcript, and a number of items have been paid; therefore, it would be exceedingly difficult to base a safe conclusion in opposition to the finding of the district judge that $12 was paid, based as it is, on the testimony of the tutor, that he had paid the amount. There are facts of record which raised the presumption in favor of the correctness of the account taken as a whole. The vouchers filed, the testimony of the witnesses, and the manner in which the judge of the District Court has settled the revenues and claims of the parties, appear to us substantially correct.

If we were to make a change in the judgment to the amount of sixty or more dollars, as relates to interest, it would not be particularly beneficial to the opponent, as, under the law of amendments, an appeal must be made at the expense of the appellee. But be that as it may, we think that the amount is correct, and does substantial justice between the parties, and for that reason, it is ordered, adjudged and decreed that the judgment appealed from be and is affirmed.

MONROE, J. takes no part, the case having been submitted prior to his appointment as one of the members of this court.

## ON APPLICATION FOR REHEARING.

Per Curiam:

This appeal was by the tutor from a judgment charging him with a balance of $441.06, and interest, as due his ward.

This result was arrived at by opposition made to his account as tutor, which, as filed, showed a balance in his favor.

The judgment was affirmed here, but no mention was made as to costs—by whom to be paid.

It is now considered that the tutor having failed, on his appeal, to reverse the judgment, or to amend it by reduction in his favor, must bear the costs of appeal.

The costs of the lower court, however, must be paid out of the funds of the tutorship, or the estate of the minor, even though the account was *forced* in the sense that the tutor was ordered to file it. This, upon the rule of law that "the account of the tutorship is given at the expense of the minor." C. C., 359.

The decree heretofore handed down is amended so as to read:

Judgment affirmed, costs of appeal to be borne by the tutor individually, those of the court *a qua* by the estate of the minor.

Rehearing refused.