(38 South. 593.)

No. 15,481.

Succession of SANGFRIED.*

(March 13, 1905. On the Merits, May 8, 1905.)

APPEAL—JURISDICTION—ADMINISTRATION—ACCOUNTING—OPPOSITION — AMENDMENT—FAMILY MEETING—INTERDICT — EXCESS OF REVENUES—REPAIRS.

1. Where the issues raised and determined in the district court involve an amount over $2,000, exclusive of interest, the Supreme Court has appellate jurisdiction. The question whether these issues should properly have been so raised and passed upon is not before the court on a motion to dismiss the appeal.

On the Merits.

2. Opponent to an account homologated so far as not opposed retains a right to amend his pleading, and claim a larger amount than at first claimed, provided it does not change the nature of the demand.

*Rehearing denied May 22, 1905.

3. A family meeting should be held, and the approval of the court obtained, in order that an amount in excess of revenues may be legally expended, and charged to the interdict for the support of the interdict.

4. Repairs made by the curator on the building of the interdict, insurance, and taxes paid are allowed.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

In the matter of the succession of Anna B. Sangfried. In the trial of an opposition in the district court, Philip C. Doerr, individually and as one of the joint administrators, appeals. Modified.

James Barkley Rosser, Jr., for appellant Philip Doerr. Dart & Kernan, for appellee George Doerr. Valentine J. Stentz, for appellees John Zophi, et al.

## On Motion to Dismiss.

NICHOLLS, J. This appeal is asked to be dismissed upon the ground that the Supreme Court is without jurisdiction ratione materiæ, in that the fund for distribution is less than $2,000. Article 85 of the Constitution of 1898 does not make the jurisdiction of this court dependent upon the fact that the matter in dispute is the distribution of a fund exceeding $2,000. Its language is that the court has appellate jurisdiction "where the matter in dispute or the fund to be distributed whatever may be the amount claimed shall exceed two thousand dollars exclusive of interest."

An examination of the record discloses that not only are the proceeds of the sale of the real estate involved in this litigation, but that other issues involving amounts largely exceeding that required to give this court appellate jurisdiction, were not only raised, but determined contradictorily between the parties, in the district court. Whether they should properly have been so raised and passed upon is not a matter which this court could consider on such a motion as the pres-

ent. The dismissal of appeal asked for is refused.

## On the Merits.

BREAUX, C. J. Anna Barbara Sangfried, widow by marriage of John Zophi, and widow by second marriage of Adam Doerr, departed this life in the city of New Orleans on the 12th day of December, 1902, leaving an estate of small value. Philip C. Doerr and George Doerr were appointed and qualified as the joint administrators of her estate.

George Doerr was appointed curator of his late mother, Anna Barbara Doerr, an interdict, on the 13th day of August, 1886, and he had the care of her person and property from that date to the date of her death, in 1902. Mrs. Sangfried had been an interdict many years prior to her death. The predecessor of George Doerr as curator died in 1886.

In time after the appointment of these administrators (Philip C. Doerr and George Doerr) Philip C. Doerr presented an account of his gestion as one of the joint administrators. This account was opposed by George Doerr, the other administrator of the succession; also by the two grandchildren of Mrs. Anna Barbara Doerr, viz., John Zophi and Mrs. Eva Zophi, wife of William P. Launes.

The opposition was tried in the District Court. The account was amended by the judge of the district court. Philip C. Doerr, individually and as one of the joint administrators, appeals.

On appeal appellant urged that the expenses for the support and care of the interdict ought never to exceed her revenues; that the person interdicted is in every respect like the minor who is under a tutor.

The further objection was urged by opponent that after the homologation of an account, so far as not opposed, the issue is confined to the items of the account which have been opposed, and that it is then too late to

ask a reopening of the account in order to increase the number of the creditors.

We will take up the propositions for decision in their inverse order.

The first in natural order is whether opponent was in time to amend his opposition, the account having been homologated so far as not opposed.

The facts bearing upon the question are that the opponent in the original opposition claimed $1,800 for the care, maintenance, and support of the late Anna Barbara Doerr. He opposed an item of the account charging him with $3,548 for rent he is charged on the administrator's account to have collected. He also opposed an item of $246.91, as not due by him.

In the supplemental opposition George Doerr claimed for taxes paid by him on the property on which he is charged with having collected rents; also for repairs.

It is settled by repeated decisions that an account of an administrator, homologated to the extent that it is not opposed, fixes the rank claims and the order of distributions.

The opponent's right as set forth in his opposition remains as pleaded. It cannot be diminished by the judgment of homologation. The opposition may even be amended in a clear case, which does not change the issues.

The demands set forth in the original opposition and those in the supplemental opposition are not only germane to, they are intimately connected with, claims set up in the first opposition. One follows the other.

In Succession of Schaffer, 13 La. Ann. 113, a somewhat similar question was considered. The court, in the decision, held that the items opposed are not covered by the decree homologating the account.

Here the creditor availed himself of the fact that by his opposition his account was not included among the homologated items.

The amendment plays very little part in determining the issues.

The district judge ruled correctly in permitting the opponent to amend his opposition, which had not yet been passed upon.

This brings us to a consideration of the amount charged for rent collected by George Doerr, and the item of $246.90 referred to. The former was reduced by the district court. As reduced it was allowed. On the other hand, George Doerr charged the succession with the sum of $4,730.21 for amounts paid for "repairs, taxes, board, support, lodging, clothing, and caring for the deceased interdict and her property." Eighteen hundred dollars of this item were for the care and support of the late mother of George and Philip Doerr. Although the amount charged was only $20 a month, it has after many years accumulated to a comparatively large amount. It exceeds the revenues of the interdict.

The contention on the part of the complainant is that it exceeded the monthly revenues collected on the mother's property. The fact is as averred in this respect.

Before he became her curator, in 1886, she had been under the curatorship of other curators appointed by the court. Their trust became vacant by their deaths. The son George Doerr continued to take care of her as his predecessors had done.

We have not found that he was authorized by any agreement with his coheirs to charge an amount in excess of the revenues of the interdict for her board, lodging, and care. No alternative is left. The law is, in our view, imperative:

"The person interdicted is in every respect like the minor who is under a tutor." Civ. Code, art. 415.

The expenses ought never to exceed revenues of the interdict. Otherwise the judge's discretion must be obtained. Article 350. It follows that the expenses must be reduced to the amount of the revenues.

The rents charged on the account are deducted, on the one hand; and the amount

charged by the tutor for board, lodging, and care, on the other, are deducted.

The amount for repairs on the building is also opposed.

We deduct rents from the two houses $2,-372.25, collected by George Doerr, which goes to the credit for taking care of his mother. And from disbursements we deduct board and lodging for Mrs. Doerr, $3,920.

In other respects, we think the account
is correct ....................... $246 90
Disbursements ....................  812 06
                                   _____
Balance due George Doerr........... $565 16
  Less $294, leaves $271.16.

The opposition to George Doerr covers a number of items. Under the testimony, we would not be justified in deducting the item of $294. The claim was left out because not alleged. See testimony of George Doerr. We will reserve whatever right George Doerr may have to this amount, if any right he has.

We think the judgment should be amended to accord with the views before expressed.

It is therefore ordered, adjudged, and decreed that the judgment be amended by reducing the sum allowed to George Doerr to $271.16, and that the right of George Doerr to $294, if any he has, be reserved.

With this amendment, the judgment is affirmed.