(59 South. 903.)

No. 19,073.

STEWART v. CRUMP.

(Oct. 21, 1912.   Rehearing Denied Nov. 18, 1912.)

*(Syllabus by the Court.)*

1. TENANCY IN COMMON (§ 28*)—LIABILITIES OF MINOR—RENT—CO-OWNERS.

Where a minor resides with his mother in a house in which he owns an undivided part, he is not responsible to the co-owner for rent for the latter's share of the house. If any one is responsible, the mother of the minor is liable for the rent.

[Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. §§ 76–88; Dec. Dig. § 28.*]

2. MINORS—LIABILITY FOR RENT.

A minor cannot be charged with rent, when it would have to come out of his capital, in the absence of an order of court permitting his tutor to make a contract which will diminish his capital.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 116–135; Dec. Dig. § 30.*]

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by Amelia T. Stewart, tutrix of Edwin J. Stewart, against Benjamin Crump, Jr., dative tutor of Gladys M. Stewart. From the judgment, defendant appeals. Affirmed.

Charles Louque and Frank McGloin, both of New Orleans, for appellant.   James B. Rosser, Jr., of New Orleans, for appellee.

BREAUX, C. J.   Mrs. Emily Stewart, widow of Hunter Stewart, and tutrix of Edwin J. Stewart, instituted this action to recover a judgment of partition. The property was owned, one-fourth by the plaintiff's minor son, and three-fourths by Gladys Marguerite Stewart, daughter of the late Hunter Stewart by a former marriage, dissolved by the death of the first wife. Gladys Marguerite Stewart is, in consequence, sister of the half blood of Edwin J Stewart.

The interest of these heirs was determined in another suit. The question of parti-tion of rental and other questions remained to be determined in the present suit.

The court ordered a sale by licitation, and the parties were referred to a notary to complete the partition. After the parties appeared before the notary to effect the partition, objection arose. The notary before whom the proceedings were conducted filed a rule upon the respective tutor, and to it annexed a projet of the partition. This projet was made in accordance with the requirement of article 1368 of the Civil Code. In this projet the notary charged the minor, Edwin J. Stewart, with a claim for rent— some $1,235.39. There was also a question about the amount of the notary's fee. The judge fixed the amount of the notary's fee, and deducted the item of $1,235.39, which had been charged in the projet. A judgment was accordingly rendered, approving, after amendments, all of the proceedings had before the notary.

About this time Gladys M. Stewart was married. She authorized her husband as mover for an appeal, which was granted. The question before us on appeal is whether the minor, Edwin J. Stewart, is chargeable with the item of rent before mentioned as he occupied one-half of the property, although he was the owner of only one-fourth. This was the only ground urged in the motion for a new trial in the district court. On appeal, an exception was filed, which attempts to raise issues that cannot be raised on appeal. They are entirely too late to be considered at all.

[1, 2] We take up the only remaining question; that is, the item for rent. The mother of Edwin J. Stewart, Mrs. Hunter Stewart, tutrix, occupied the property during the litigation. The property was of no great value, and the amount of the rental which is claimed is not large. She alone occupied the property, and she alone is actually liable for the rent, if any one is. She

had been left by her late husband without any means whatever, and was unable to pay rent. There is no evidence before us to prove that it was ever considered by any one that the occupancy was that of the minor, or that the small amount of indebtedness incurred (if there was indebtedness) was to be charged to the minor. But, even against the minor, the claim is not due by the tutrix. This minor had no revenues. He had only his share in the property sold, which brought no revenue. His capital could not be taken without observing any of the formalities of law to pay the claim made against him. There must be a family meeting held and the authorization of the judge obtained, in order that a minor might thus be held to pay any claim out of the principal he owns. Civil Code, art. 350.

Seriously considered, there is no merit in the plea of appellant, and, therefore, it is ordered, adjudged, and decreed that the judgment appealed from is affirmed.