(75 South. 671)

No. 22160.

## Succession of METZ.

(May 14, 1917. Rehearing Denied June 11, 1917.)

*(Syllabus by Editorial Staff.)*

1. INSANE PERSONS ⬮42(2)—ACCOUNTING BY CURATOR—PRESUMPTIONS.

A curator is presumed to have collected the amounts due to his interdict in the absence of proof to the contrary, and is properly charged therewith, though not shown to have received such amounts.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. § 66.]

2. INSANE PERSONS ⬮65—EXPENDITURES BY CURATOR—AUTHORITY TO MAKE.

A curator of an interdict is not allowed to spend any part of the capital of his interdict without the authorization of a family meeting.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 108, 110–114.]

3. INSANE PERSONS ⬮42(1)—ACCOUNTING BY CURATOR—CHARGES AND CREDITS.

A curator of an interdict is entitled to be credited with the amount of debts existing at the time of his appointment where their honesty is not in doubt.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. § 64.]

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Proceeding by the executor of Mrs. Wilhelmina Grambarth Metz to account. From a judgment dismissing the opposition of the Commercial-Germania Trust & Savings Bank, curator of Louis S. Metz, an interdict, the curator appeals. Judgment set aside and rendered in favor of the curator.

George J. Untereiner, of New Orleans, for appellant. Titche & Rogers, of New Orleans, for appellee.

PROVOSTY, J. This matter comes up on an opposition to the final account of the executor. The opposition is by the curator of the surviving husband of the de cujus, claiming for the interdict an accounting for the certain moneys alleged to have been received for him by the de cujus. The claims are for the alleged profits derived from a drug store business which the interdict is said to have been owner of at the time he became insane, and for the price of the sale of the contents of this drug store; and for the price of the sale of a printing outfit which the de cujus is said to have taken possession of at the death of her son, issue of her marriage with the interdict, and to have sold; and for $2,333.45 alleged to have been received by the de cujus for the interdict from the successions of his father and mother.

No evidence worthy of the name supports the first two claims, and they are dismissed.

In June, 1896, the de cujus rendered to the court which had appointed her curatrix the following account:

### Account of Curatrix.

Mrs. Wilhelmina Metz, Curatrix in Account with Louis S. Metz, Interdict.

#### Assets.

| | |
|---|---|
| 1. The cash amount received by curatrix from the partition effected by L. F. Bouchereau, notary public between the heirs.. | $1,500.11⅔ |
| 2. The one-third share of the interdict in the property adjudicated to Robert for $2,500—the sale of which is not yet completed .................... | $ 833.33⅓ |
| Total assets................ | $2,333.45 |

#### Liabilities.

Charges in suit No. 45860 for the interdiction of Louis S. Metz.

| | |
|---|---|
| Court costs....................... | $ 19.60 |
| Sheriff's fees...................... | 6.50 |
| Mortgage office.................... | 1.50 |
| Conveyance office.................. | 2.00 |
| Crier's fee ........................ | 1.00 |
| Stenographer ..................... | 12.00 |
| H. H. Bryan, attorney for interdict.. | 75.00 |
| Attorney of plaintiff in suit of interdiction ....................... | 225.00 |
| Notary public for inventory......... | 50.00 |
| The two appraisers, $10 each....... | 20.00 |
| Notary for family meeting......... | 25.00 |
| Costs retained..................... | 5.00 |
| Total liabilities ................ | $442.60 |

#### Recapitulation.

| | |
|---|---|
| Assets ........................... | $2,333.45 |
| Liabilities ....................... | 442.60 |
| Balance of assets............. | $1,890.85 |

Mrs. Wilhelmina Metz, curatrix, being duly sworn, says that all the items herein shown are true and correct to the best of her knowledge.

[Signed]　W. Metz, Curatrix.

[Signed]　J. L. Baltz, Undercurator.

Sworn to and subscribed before me this 4th day of June, 1896.

[Seal]　[Signed] Louis F. Bouchereau,

Not. Pub.

This account was duly approved by the court.

[1] It is said that nothing shows that the de cujus ever received the $833.33 which she charged against herself in this account as assets. The law is that a curator is presumed to have collected the amounts due to his interdict, in the absence of proof to the contrary. Hennen's Digest, p. 1489, No. 6.

[2] It is also said that the de cujus spent a great deal more than the amount shown by said account in having the interdict taken care of at the Louisiana Retreat for the Insane; and that no further accounting is due. But this expenditure was not authorized by a family meeting, and a curator is not allowed to spend any part of the capital of his interdict without the authorization of a family meeting. Succession of Sangfried, 114 La. 878, 879, 38 South. 593; Succession of Webre, 36 La. Ann. 312; Stewart v. Crump, 131 La. 463, 59 South. 903; In re Watson, 51 La. Ann. 1641, 26 South. 409; Mahony v. Mahony, 41 La. Ann. 135, 5 South. 645; Sims v. Billington, 50 La. Ann. 976, 24 South. 637; Succession of Samuels, 21 La. Ann. 16; McWilliams v. McWilliams, 15 La. Ann. 88; Tegart v. McCaleb, 10 La. Ann. 288; Moore v. Nicholls, 5 La. 488.

[3] However, debts existing at the time the curator is appointed must necessarily be paid; hence the $442.60 of debts appearing by said account, the honesty of which there is no sufficient reason to doubt, must be deducted from the said $2,333.45 of assets.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside in so far as dismissing entirely the opposition of the curator of the interdict, and that there now be judgment in favor of the Commercial-Germania Trust & Savings Bank, curator of the interdict, Louis S. Metz, in the sum of $1,890.85, with legal interest thereon from May 17, 1915, against the succession of Mrs. Wilhelmina Grambarth Metz, and that to the extent of the present judgment the opposition of the said curator filed herein to the account of the executor of the succession of the said Mrs. Metz be sustained; and that the said executor be ordered to pay the present judgment out of the assets of the succession as an ordinary debt, in preference to the legacies. The succession of Mrs. Metz to pay all costs.