EASTERN DIST.
January, 1839.

MORGAN
vs.
YARBOROUGH.

## MORGAN vs. YARBOROUGH.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, FOR THE PARISH OF EAST FELICIANA, THE JUDGE OF THE EIGHTH PRESIDING.

Where the defendant sets up an equitable defence to his note, and charges fraud in the transfer of it to the plaintiff, to deprive him of this defence, the burden of proof of consideration, and that he came fairly by it, rests on the latter; and the *form of transfer* makes no difference, whether by a blank or special endorsement.

The record of a suit between others not only proves *rem ipsam*, to wit, that such judgment was recovered, but also a sale of certain goods mentioned in it. It does not, however, prove that the same goods were purchased by the defendant, as the consideration of the note sued on, and sold as the *property* of his vendor.

A bill of goods purchased by the defendant, is not evidence in a suit between him and the transferree, of the note alleged to have been given for the price of them.

This is an action by the transferree against the maker of the following promissory note:

"*Dollars* 432. Twelve months after date, I promise to pay to G. W. Munday, *or bearer*, the sum of four hundred and

thirty-two dollars, with ten per cent. interest from the date.
Value received.                    " C. W. Yarborough."
    14th December, 1835."
" Witness—W. C. Whittaker."
    *Endorsed* : " Pay the within note to Morgan Morgan,
November 26, 1836."                 G. W. Munday.

The defendant averred that the note was obtained from
him through fraud of the payee, and without any valid con-
sideration, by pretending to sell to him certain groceries
which he did not own, and never were received ; that the plain-
tiff has no interest in said note, which has been transferred
to prevent this defendant from setting up his equitable
defence thereto.    He denies that the plaintiff is the owner
of the note.

Upon these pleadings and issues the parties went to trial.

There were three bills of exception taken and relied on by
the defendant, which are fully stated in the opinion of the
court which follows.

The plaintiff had a verdict and judgment, from which the
defendant appealed.

*T. L. Andrews,* for the appellant, insisted that when fraud
and want of consideration, were set up as a defence against a
note by the maker, it devolves on the plaintiff to show that
he came fairly in possession, and for a valuable consideration.
3 *Martin, N. S.,* 291, 392.  6 *ibid.,* 566.  5 *Louisiana
Reports,* 49.

*Lawson,* contra.

*Bullard, J.,* delivered the opinion of the court.

This is an action upon a promissory note, made payable to
the payee or bearer, in the name of a bearer by special
assignment and transfer.    The defence set up is, that the note
was obtained from him in fraud, and without any valid con-
sideration ; and that the present plaintiff has no interest in
the note, but that it has been put into his hands to sue on in

EASTERN DIST. order to prevent the defendant from setting up his equitable
*January*, 1839. defence.

MORGAN
*vs.*
YARBOROUGH.

When the defendant sets up an equitable defence to his note and charges fraud in the transfer of it to the plaintiff to deprive him of this defence, the burden of proof of consideration and that he came fairly by it rests on the latter, and the *form of transfer* makes no difference, whether by a blank or special endorsement.

The record of a suit between others, not only proves *rem ipsam*, to wit, that such judgment was recovered, but also a sale of certain goods mentioned in it. It does not, however, appear that the same goods were purchased by the defendant as the consideration of the note sued on and sold as the property of his vendor.

A bill of goods purchased by the defendant is not evidence in a suit between him and the transferree of the note alleged to have been given for the price of them.

The case is before us upon several bills of exception, from the first of which it appears, that the judge charged the jury, that when an equitable defence is set up, and fraud in the transfer, to deprive the defendant of his defence, if the note be payable to bearer, or transferred by blank endorsement, the proof of consideration given for the note, and that the plaintiff came fairly by it, devolves upon the plaintiff; but that the case is different when the transfer is a special one, and that in such cases the proof devolves upon the defendant, to show the fraud and want of consideration.

In this part of the charge, we are of opinion the court erred in supposing that the form of the transfer makes any difference as to the burden of proof.

It further appears, that the record of a suit of Dunn *vs.* Munday, the original payee, was offered for the purpose of showing, that the property for which the note was given, was seized and sold, to satisfy a judgment against Munday, which was received only to prove *rem ipsam*, to wit, that such a judgment was recovered, but that it did not prove the facts stated in the record, or that a sale was made, as set forth in said judgment, and the jury was instructed that the record could be admitted to prove nothing else.

It appears to us the jury may have been misled by this charge of the court, which to a certain extent is correct, but erroneous so far as it goes to tell the jury that the record did not prove the sale of the goods mentioned in it. It is true it does not prove that the same goods, said to have been purchased by the defendant, were sold as the property of Munday; but the constable's return is, perhaps, the exclusive evidence, that certain goods seized by him in that suit were sold. The identity of the goods was a distinct question.

We think the court erred also, in admitting the bills of goods purchased in New-Orleans. It is not evidence under oath, and the simple signature of the alleged vendor does not prove, as to the present defendant, that such goods really were bought.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed; and it is further ordered, that the case be remanded for a new trial, with instructions to the judge, to abstain from charging the jury as set forth in the bill of exceptions; and that the appellee pay the costs of the appeal.