SIMPSON E. JORDON *v.* RICHARD C. DOWNES.

To entitle the maker of a promissory note to plead a debt due to him by the payee as an offset, when sued by a *bona fide* endorsee, the maker must prove that the note was transferred after maturity.

APPEAL from a judgment of the District Court of Madison, *Curry,* J, in favor of the plaintiff for the amount of a promissory note.

*Seale,* for the plaintiff.

*J. M. Downes* and *Dunlap,* for the appellant.

BULLARD, J. This is an action against the maker of a promissory note, payable on the 1st of January, 1841, to the order of one David Hedrick, and by him endorsed to the plaintiff.

The defendant, by his answer, admits the execution of the note, but denies that any consideration was given for it. He further says, that he has been garnisheed, and that service of proceedings was made on him December 15th, 1840, in a suit

in the District Court, for the parish of Madison, entitled *J. Walter Philips* v. *David Hedrick,—R. C. Downes, garnishee,* which service was made previous to the inception of this suit. He, therefore, prays to be protected, and that the court will order the suit in which he is garnisheed to be dismissed, or that judgment be suspended in this until his liability be ascertained. In an amended answer the defendant reiterates a part of his defence, and further pleads, in compensation, a note, for $381, given by Hedrick and the present plaintiff, made payable to Harper. He pleads another garnishment before a justice of the peace, in which he asserts he was condemned to pay *some hundreds of dollars.*

On the trial, the defendant totally failed to make out his defence. He had assumed to pay the note for $381, in consequence of arrangements between himself and Hedrick, and the possession of the note gives him no right to use it as an offsett to what he owes on his own note, in the hands of a *bona fide* endorsee. In paying it, the note became extinct. The defendant wrote to the present plaintiff, who was the joint obligor of Hedrick on the note in question, as follows: "At Mr. Hedrick's request, I write to inform you that I have obligated myself in writing to pay Mr. Louis Selby, for Mr. H., the sum of $381, being a debt for which you are security. Mr. Selby has accepted my engagement, and given me until next District Court to make the payment. You may rest assured that I will satisfy the claim, and that you shall have no trouble with it."

This letter is dated the 28th March, 1840, the same date with the note now sued on. The court did not err, in our opinion, in admitting evidence of such a promise to pay, notwithstanding the defendant's objection.

The note sued on was made payable to order, and nothing shows that it was transferred by Hedrick to the present plaintiff, after it was dishonored. If the defendant had paid to a creditor of Hedrick under garnishment, it would not follow that such payment would be a good offset as against the endorsee, without proving further, that the note passed subject to all equities as between the original parties. The court, therefore, did not err in rejecting all evidence of the alleged garnishments, es-

The Planters Bank of Mississippi v. Watson and another.

pecially as it is not pretended that any thing was paid by the defendant.

*Judgment affirmed.*