Ilsley, J.
This suit is instituted by the plaintiff, as the endorsee and holder of two promissory notes, drawn by the defendant to the order of Rochford, Brown & Co., and by them endorsed in blank, to recover from him the amounts of the said notes, with interest and costs.
*142 The defendant excepted to the plaintiff’s right to prosecute this suit in its corporate name, in consequence of the forfeiture of its charter by the suspension of specie payments, and the Court below referred the exception to the merits.
An answer was filed on the 11th October, 1867, in which a failure of consideration was set up, as also, fraud and collusion between the payees, Rotchford, Brown & Co., and the plaintiff. It was, also, in the said answer alleged that the notes sued on had been novated and renewed, and that they had been fraudulently transferred to the plaintiff, after their respective maturities. By a supplemental answer, the defendant averred that the notes sued on were executed for the purchase of negroes, and that the consideration thereof has failed.
Judgment was rendered in favor of the Bank for the whole amount claimed by it, and the defendant has appealed.
This Court takes judicial notice of orders issued by competent military authority, as stated by it in Lanfear v. Mestier, 18 An. 497, and in Taylor v. Graham, ib. 656, and when this suit was instituted, there was no impediment from any military order extant to the Bank’s standing in judgment; nor had the charter of the Canal Bank, been judicially determined in a suit brought for that purpose; so that no advantage can bo taken of the forfeiture itself, or of any cause of forfeiture by any defendant in any collateral action. 13 La. 497; 5 An. 179; 9 An. 265.
The notes sued on are negotiable in form, and the law presumes, that being endorsed in blank, they were so endorsed on the day of their respective dates, (Bailey on Bills, Boston edition, 1836, p. 137;) and this is prima facie title in the endorsee. (1 Hen. p. 180 § 1.) And the endorsement is prima facie evidence of a full consideration. Bailey on Bills, 378 ; 5 Cranch, 322.
If a defendant, in order to let in equities between him and the payees, allege that the notes were endorsed after they became due, the burden is upon him to show it. Bailey on Bills, 137; Jordan v. Downes, 9 Rob. 265.
All these legal presumptions, in favor of the plaintiff, relieve him from the necessity of adducing any proof, until they are rebutted. 5 An. 560.
It has been, however, held by this Court, that the defendant is dispensed from producing proof to destroy these presumptions, if he simply alleges an equitable defence against the payee, and charges fraud in the transfer; that such a defence throws the burden upon the plaintiff to prove that he isa bona fide holder for value. 3 N. S. 292; 13 La. 76. But, we are at a loss to comprehend how upon principle, presumptions of law must yield to a mere declaration of a defendant who sets up a charge of fraud, which is, except in cases of bankruptcy, never presumed. 2 Hen. 1040 § 1.
We deem it to be incumbent on the defendant to sustain his defence, to rebut by proof, the presumptions of the law, which for useful and practical purposes, the law raises in favor of holders of negotiable paper, as was held'in Wheeler v. Maillot, (Opinion Book, No. 35,p. 679,) particularly when, as in this case, facts constituting the alleged fraudare affirmative, and not negative in their tenor. In the case of Greenwood v. Lowe, 7 An. 199, this Court, observed, “the law, from considerations of public policy, and in order to favor the circulation of bills of exchange and other *143 negotiable paper, looks with favor upon the bolder of a bill, and requires very cogent evidence to convict him of malafides.”
We are satisfied from the evidence in the record, which is not rebutted, that the plaintiff is the bona fide holder of the notes sued on, endorsed and transferred to it, previous to their maturity, for a good consideration, without notice, andthatno want of consideration, even by the emancipation of slaves or otherwise, between the original parties, can be urged against the plaintiff.
It is therefore, ordered, adjudged and decreed that the judgment of the District Court be affirmed, at the costs of the appellant.