(91 South. 544)

No. 24680.

## HORSTHEMKE v. NATIONAL SURETY CO.

(June 15, 1921. On the Merits, March 27, 1922. Rehearing Denied April 17, 1922.)

*(Syllabus by Editorial Staff.)*

### On Motion to Dismiss.

1. **Appeal and error ⬤⟳800—Motion to dismiss. denied when transcript perfected by consolidation with another transcript.**

   A motion to dismiss because of the omission from the transcript of evidence taken in a former suit and introduced in evidence in the pending suit will be denied, where appellant's counsel before receiving notice of the motion had obtained leave to consolidate the transcripts in the two cases, thereby perfecting the defective transcript.

### On the Merits.

2. **Principal and surety ⬤⟳145(1)—Suretyship; under ordinance requiring bond, judgment against carrier held not binding on surety.**

   Under an ordinance requiring carriers of passengers within the city to give an indemnity bond, and providing that any person damaged through the carrier's fault should have his cause of action against the surety to the same extent as if the obligation of the surety were in his own favor, the surety is not concluded from inquiring into the merits of the suit by the judgment against the carrier.

3. **Municipal corporations ⬤⟳703(1) — Ordinance requiring bond must be read into the bond, and fixes rights of parties.**

   The provisions of an ordinance requiring carriers of passengers within the city to give an indemnity bond, and giving persons damaged through the carrier's fault a right of action against the surety, must be read into the bond, and fix the rights, as well as the obligations, of the surety.

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Action by John Horsthemke against the National Surety Company. From a judgment for plaintiff, defendant appeals. Judgment avoided and reversed, and suit dismissed.

Grant & Grant, of New Orleans, for appellant.

F. B. Davenport, of New Orleans, for appellee.

### On Motion to Dismiss.

PROVOSTY, J. [1] The plaintiff in this suit having heretofore obtained a judgment against the New Orleans Railway & Light Company, brought the present suit against the defendant, surety on the bond of said New Orleans Railway & Light Company. On the trial of the present suit the evidence taken in the former suit was offered in evidence. This evidence was left out of the transcript in the present suit for the reason that it was already on file in this court in the transcript of the appeal in the former suit. The transcript in the present suit was filed in this court on the 21st of May. On the 24th, the appellee moved to dismiss the appeal, on the ground that, although the transcript was certified by the clerk of the trial court to contain all the evidence adduced on the trial of the case, it did not, as a matter of fact, contain this evidence taken in the former suit. On the 26th of May, before counsel for appellant had had any notice of this motion to dismiss, he obtained leave of this court to consolidate the transcripts of the two cases. This had the effect of perfecting the transcript.

The motion to dismiss is denied.

### On the Merits.

By Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.

LECHE, J. Defendant appeals from a judgment condemning it to pay plaintiff the sum of $3,000, the amount of a previous judgment recovered by plaintiff for damages against the New Orleans Railway & Light Company.

By an ordinance, No. 2346, adopted by the commission council of the city of New Orleans April 27, 1915, regulating the transportation of passengers for fares in that city, it

is provided that persons or corporations engaged in the business of transporting passengers shall file with the commission of public safety an indemnity bond for the sum of $5,000 for each and every vehicle used in such business—

"the said indemnity bond or bonds to be executed by a surety company or companies duly authorized to do business in the state of Louisiana, payable to the city of New Orleans, and shall contain stipulation that in the event any person or persons who may sustain damages to his or their persons or property as the result of the fault of the person, firm, association of persons, or corporation concluding said business or his or their agents, servants or employees, he or they shall have his or their right of action on said indemnity bond as fully and to the same extent as if said bond was made and executed directly in favor of the claimant of such damages. * * * "

In accordance with the provisions of that ordinance, the New Orleans Railway & Light Company executed the bond which is involved in this case, with the National Surety Company as surety, the condition whereof is in the following language:

"Now therefore the condition of this instrument is such that if the principal indemnifies the obligee, or any person or persons who sustain damages to his or their person or property as a result of the fault of the principal, its agents, servants or employees in any amount not to exceed the sum of five thousand dollars * * * then this instrument shall be null and void, otherwise to remain in full force and effect. * * *"

Plaintiff having obtained, as before stated, a judgment for $3,000 damages against the New Orleans Railway & Light Company, filed the present suit, in which he claims that defendant, as surety for the railway and light company on the bond furnished in accordance with the city ordinance, is responsible for the amount of said judgment. Defendant disclaims such responsibility, for not having been made a party to plaintiff's suit against the railway and light company, for not having had an opportunity to defend itself against plaintiff's claim, and accordingly prayed for the dismissal of plaintiff's present demand.

[2, 3] The question involved is whether defendant is bound by the judgment which plaintiff obtained against the railway and light company, and whether it is concluded from inquiring into the merits of the suit in which the judgment was rendered.

Plaintiff's contention is, in effect, that defendant has bound itself to pay whatever judgment might be recovered against the railway and light company by any one for damages to his person or property up to the amount of the bond. But there is no such condition required by the ordinance of the city, nor is such condition contained in the bond. The ordinance merely provides that any one who is damaged in his person or property through the fault of a carrier or transporting agency has a cause of action against the surety of the carrier to the same extent as if the obligation of the surety were in his own favor. That does not mean that the surety is deprived of the defenses which the carrier might make against the merits of an action for damages, but, on the contrary, rather clothes the surety with the same rights as well as the obligations of the carrier. The provisions of the ordinance must be read into the bond, and they fix the rights as well as the obligations of the surety.

The decisions cited by plaintiff, holding that a surety is bound by the judgment against his principal, are cases involving liability of sureties on forthcoming or release bonds furnished in judicial proceedings, and are not precedents governing the present suit.

For these reasons we believe the judgment appealed from should be avoided and reversed, and plaintiff's suit dismissed; and it is so ordered.

Rehearing refused by division B, composed of Justices O'NIELL, LAND, and BAKER.