### (97 South. 297)

### No. 25436.

### HOPKINS v. NATIONAL SURETY CO. et al.

(June 4, 1923. Rehearing Denied July 11, 1923.)

*(Syllabus by Editorial Staff.)*

I. **Principal and surety** ⟲⟹145(1)—**Suretyship; record and judgment against street railroad held admissible against its surety.**

In action against surety on indemnity bond given by street railroad company under city ordinance conditioned for payment for injuries sustained through operation of its vehicles, record and judgment in action against the railroad company, though not conclusive, are admissible.

2. **Carriers** ⟲⟹11—**Evidence held to sustain judgment against street railroad company's surety.**

In action against surety on indemnity bond given by street railroad company securing payment for injuries sustained in operation of its vehicles, evidence that plaintiff was injured while alighting from vehicle and evidence as to nature of her injuries *held* to sustain verdict independent of judgment against the railroad company.

3. **Carriers** ⟲⟹11—**Street railroad company's indemnity bond covering particular car held to cover injury to passenger on trailer.**

Under ordinance requiring street railway company to give bond to secure payment for injuries caused by operation of each vehicle, bond covering operation of particular motor car covered injury to a passenger carried on trailer attached to such motor car.

4. **Principal and surety** ⟲⟹166—**Suretyship; attorney's fees not recoverable when plaintiff did not recover amount sued for.**

Where person injured while passenger of street railway company sued surety on its indemnity bond for $10,000, but recovered only $5,000, the amount of the bond, she was not entitled to 10 per cent. as· attorney's fees, under Act No. 225 of 1918.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by Mrs. Augusta Hopkins against the National Surety Company and others. Judgment for plaintiff, and defendant named appeals. Amended and affirmed.

Wm. B. Grant, of New Orleans, for appellant National Surety Co.

Paul W. Maloney, of New Orleans, for appellee.

ST. PAUL, J. This case is the sequel to Hopkins v. N. O. Railway & Light Co., 150 La. 61, 90 South. 512, 19 A. L. R. 1362, wherein this plaintiff obtained judgment for $10,000 against the railway company for personal injuries received by her whilst a passenger on one of said defendant's cars.

This suit is filed against the surety on a certain indemnity bond given by said railway company under an ordinance of the city of New Orleans, requiring bond to be furnished in the sum of $5,000 for each vehicle used in transporting passengers over a fixed route, and containing a stipulation granting a right of action thereon to any one sustaining any injury to his person or property by the fault of the person operating said vehicle or his employees.

## I.

[1] On the trial of the case the judge admitted, over the objection of defendant, the record and judgment in the case of Hopkins v. N. O. Railway & Light Co., aforesaid.

Of course said judgment was not conclusive in this defendant. Horsthemke v. National Surety Co., 151 La. 55, 91 South. 544. And it has been held that a judgment against the principal is not even prima facie evidence against a surety. Lartigue v. Baldwin, 5 Mart. (O. S.) 193.

But there is very respectable authority for the position that a judgment against a principal is prima facie evidence against a surety, though not conclusive. Clark v. Carrington, 7 Cranch. 308, 3 L. Ed. 354; Drummond v. Prestman, 12 Wheat. 515, 6 L. Ed. 712. There is also abundant authority that a judgment is prima facie proof of a debt even against third persons, who are not even sureties. Judson v. Connolly, 5 La. Ann. 400, citing Fox v. Fox, 4 La. Ann. 135, and Serapurn v. La Croix, 1 La. 379. See, also, Morgan v. Yarborough, 13 La. 76, 33 Am. Dec. 553, and 1 Hennen Digest, p. 588, Nos. 2, 3, 4, 8, 11, 13.

Indeed no one would pretend that a note or mortgage was not prima facie evidence of the debt it represents; and no valid reason can be assigned why a judgment which is the highest evidence of a debt, should not also be prima facie evidence thereof against every one, though of course it is not conclusive. A note or mortgage is as much "res inter alios acta" as a judgment, but that does not prevent its use as evidence of the debt, subject, of course, to rebuttal by other evidence. We think the record was admissible; but it is not necessary here to rely upon the judgment against the railway company.

## II.

[2] The plaintiff testified without objection that she was a passenger on one of the railway company's vehicles, and that she was injured whilst alighting therefrom. She also testified to the nature of her injuries, and other evidence thereof was admitted without objection. This last was the same evidence on which this court fixed her damages at $10,000 in Hopkins v. Railway Co., 150 La. 62, 90 South. 512, 19 A. L. R. 1362.

In the last-named case the rule was laid down on ample authority, that:

"It is sufficient for a passenger suing on a contract for safe passage to show that he was not set down safely at his destination to throw the burden of explanation on the carrier, and it is for the carrier to prove what negligence and whose prevented the fulfilment of the contractual obligation."

The fault of the railway company, for which its surety was bound, is in failing to carry its passenger safely to her destination.

## III.

[3] Defendant denies liability because plaintiff was injured whilst on a trailer attached to motor car No. 509, alleging that it gave no bond to cover said trailer, and that said bond covered only motor car No. 509.

We think this position without merit. The bond covered the operation of motor car No. 509. That car was used for carrying passengers, and the fact that it carried part of its passengers upon a trailer attached thereto, instead of carrying them itself, is of no more consequence than if it had carried its passenger on the platform or top of the car instead of inside of it. The fact is that the operators

of car No. 509 undertook to carry plaintiff safely to her destination, and failed to do so.

### IV.

[4] The trial judge allowed plaintiff the full amount of the bond—$5,000—and 10 per cent. attorney's fees thereon under act 225 of 1918. But the attorneys' fees should not be allowed, as plaintiff sued defendant for $10,-000 and can recover but $5,000, for the statute allows such fees only where plaintiff recovers the full amount claimed.

### Decree.

The judgment appealed from is therefore amended by striking therefrom the 10 per cent. allowed as attorney's fees, and as thus amended it is affirmed, at the cost of defendant in the court below; costs of appeal to be paid by plaintiff.