The Aetna Casualty Surety Company has appealed from a judgment *Page 483 
against said company in the full sum of $4,000, and in the additional sum of $400, allowed as a penalty of 10 per cent. for attorney's fees, under Act 225 of 1918.
This judgment has been rendered against defendant company as surety on a bond of $4,000, executed July 16, 1925, and conditioned for the faithful management by the late Mrs. Zonzie Talton Craig, as natural tutrix, of the property of the minors, Gladys, Robert, and Bennie Lee Talton. These minors are the children of R.F. Talton, who died September 24, 1919, and of Mrs. Zonzie Talton, his wife, who married W.E. Craig February 10, 1924, and died February 18, 1926.
Upon the death of the natural tutrix, W.S. Carter was appointed dative tutor without bond, and the present suit has been instituted against the administrator of the succession of Mrs. Zonzie Talton Craig and defendant surety company.
It is alleged that, during the administration of Mrs. Zonzie Talton Craig as natural tutrix, she received two policies of insurance on the life of her late husband, each for the sum of $1,500, and each payable to the minor, Gladys Talton, and also the sum of $400 as a bonus for a mineral lease on 80 acres of land in Webster parish, which belonged to the separate estate of her husband, and which was inherited by said minors in common.
Plaintiffs allege that Mrs. Zonzie Talton Craig left no property at her death, other than an insurance policy for $474 payable to her estate; that she lost or dissipated the funds of the minors received by her; and that, after the payment of privileged debts, only $5.07 remained to satisfy the claims of the minors, as shown by the final account duly homologated in her succession.
Amicable demand upon defendant surety company for the amount claimed, and the lapse of more than 30 days after demand, without payment, are alleged as the basis *Page 484 
for the penalty claimed as attorney's fees under Act 225 of 1918.
1. Defendant surety company filed in the lower court an exception of no cause or right of action predicated upon the ground that the only remedy that the minors have against the tutrix is one for an accounting, and, as the petition asks for a money judgment and not for an accounting, no cause or right of action is stated.
It is alleged in the petition in this case that the minors, through their present dative tutor, opposed the final account filed by the administrator of the succession of Mrs. Zonzie Talton Craig, the natural tutrix, and that a judgment was rendered in behalf of the minors in that proceeding in an amount which, with interest, exceeds the amount of the bond herein sued on.
It is true that the administrator might have tendered an exception of no cause or right of action to the opposition filed by the minors to his final account, praying for a judgment for an arbitrary amount; but he did not see proper to do so, and chose to litigate the question in the form it was presented at the time. As the administrator of Mrs. Zonzie Talton Craig, the natural tutrix, waived the method of procedure fixed by article 998 of the Code of Practice, requiring a direct action in the ordinary manner for an accounting of her administration, it is now too late to object that such form of procedure should have been resorted to in the first instance. Succession of Waechter,131 La. 505, 510, 511, 59 So. 918, citing numerous cases.
2. Defendant objected to the offer by plaintiffs on the trial of the case of the entire records in the Matter of the "Tutorship of the Minors, Gladys, Robert and Bennie Lee Talton," and in the matter of the "Succession of Mrs. Zonzie Talton Craig," Nos. 1736 and 2494 on the dockets of the court below. *Page 485 
The ground of the objection is that the present action is premature, as a suit for accounting had not been filed, and the procedure is irregular and not in conformity with article 998 of the Code of Practice. This objection came too late, and is without merit, as we have already declared in this opinion.
The purpose of this evidence was to show that a judgment had been rendered in these proceedings in favor of the minors against the succession of their natural tutrix, principal in the bond sued upon, so as to fix the liability to them of defendant company, as surety on the bond.
A judgment against a principal is prima facie evidence against a surety, though not conclusive. Hopkins v. National Surety Co. et al., 154 La. 61, 97 So. 297; Clark v. Carrington, 7 Cranch, 308, 3 L. Ed. 354; Drummond v. Prestman, 12 Wheat. 515, 6 L. Ed. 712. The evidence, therefore, was clearly admissible.
Defendant surety company has not been precluded from attacking the correctness of the judgment in question, but has attacked it in the present case, by expressly averring in article 10 of its answer "that said deceased tutrix is entitled to certain offsets and credits in an accounting with said minors, and that she is entitled to credit for funeral expenses, the support and maintenance of said minors paid by her for and on behalf of said minors and their deceased father, as will be more fully shown on the trial hereof."
3. Defendant surety company, however, made no effort to establish the credits claimed beyond calling W.S. Carter, dative tutor, for cross-examination. He was not present, as he had not been subpoenaed to appear as a witness, and the court, in our opinion, did not err in declining to continue the case to summon the witness, who is plaintiff in a merely representative capacity and should have been notified if needed for purposes of cross-examination. The right of defendant surety *Page 486 
company to have cross-questioned the witness, if present, is not denied by counsel for plaintiffs.
4. It is contended by defendant company that it is not liable on the bond as surety, as all of the funds were received by the natural tutrix at least three years before said company signed the bond in this case.
The bond was signed by defendant company on July 16, 1925. The life insurance policies are alleged to have been collected on or about November 1, 1919, and the bonus of $400 for the mineral lease on or about June 3, 1922.
It may be that a surety is not liable for anything that might come into the hands of a tutrix, before signing the bond, unless it is expressly provided that it shall operate retrospectively. Fuselier v. Babineau, 14 La. Ann. 764; Union Bank v. Beatty, 10 La. Ann. 361, 374; Corpus Juris, vol. 28, pp. 1289, 192.
The bond in this case is executed under the provisions of Act 68 of 1924.
Section 2 of the act provides that natural tutors may in all cases, at their option, and in the place of the general mortgage arising from the recordation of the certificate of the amount of a minor's property, as shown by the inventory, give bond or security in the manner provided in said section, and that the bond or security so given shall not be recorded nor operate as a mortgage.
It is provided in section 3 of the act that in all cases in which a natural tutor has caused a general mortgage to be recorded, and desires to substitute a bond therefor, and thus release the general mortgage in favor of the minor, he may do so, either as to the entire amount secured by said general mortgage, or as to a portion of said amount only, or he may do so as to all the property affected by said general mortgage, or as to a part of said mortgage only; "the intent being that the bond or security should protect the minor to the full extent that the security furnished *Page 487 
by the general (or special) mortgage * * * may be released."
As the bond in this case is statutory, the intent of the statute as to its extent is read into the bond as if expressly written into it. Miller v. Bonner, 163 La. 332, 341, 342,111 So. 776.
The order of the court authorizing the natural tutrix to give bond in this case in lieu of the general mortgage for $4,200, duly recorded, expressly cancels and erases said mortgage in full, and orders a bond of $4,000 to be substituted in its place. Necessarily, the intent, as expressed in section 2 of Act 68 of 1924, was that the security given should protect the minor to the extent at least of $4,000 of the $4,200, the security furnished by the general mortgage. And the surety company in this case must be held to be so bound.
5. Defendant company complains that the judgment recovered by the minors on their opposition to the final account of the administrator of the succession of Mrs. Zonzie Talton Craig gives the minor, Gladys Talton, the sum of $3,000 with legal interest thereon from November 1, 1919, and awards to the three minors jointly the sum of $400, with legal interest thereon from June 3, 1922. This judgment is of date June 9, 1926, and allows legal interest on these sums from the date of the receipt of the respective amounts by the natural tutrix.
Article 347 of the Revised Civil Code provides that:
 "The tutor shall be bound to invest, in the name of the minor, the revenues which exceed the expenses of his ward, whenever they amount to five hundred dollars. In default thereof, he shall be bound to pay on such excess the rate of interest allowed by law."
The settled jurisprudence of this court is to the effect that the word "revenues," as used in this article, is synonymous with the word "funds," and means all moneys belonging to the minor that come into the hands of *Page 488 
the tutor in the course of his administration, and that the tutor must pay legal interest on same from time of receipt, unless invested by him. Fuselier v. Babineau, 14 La. Ann. 769; Fulton v. Curtis, 3 La. 194; Monget, Tutor, v. Walker et al., 4 La. Ann. 214; Tutorship of Minor Heirs of Watson, 51 La. Ann. 1643, 1644, 26 So. 409.
As these revenues were not invested in this case by the natural tutrix, we are of the opinion that interest at the legal rate of 5 per cent. per annum was properly allowed in the judgment of the lower court from the dates on which these respective sums were received by her.
Amicable demand was made upon defendant surety company for payment, and 30 days elapsed after notice of such demand had been served upon said company without payment being made. It became necessary for plaintiffs to employ attorneys to recover the sum of $4,000 herein sued for, and judgment for the full amount was obtained by plaintiffs, and an additional sum of 10 per cent. on said amount was allowed in the judgment as penalty for attorney's fees under Act 225 of 1918.
Since on June 3, 1926, when demand was made upon defendant surety company for payment, the sum of $4,000 was due plaintiffs in principal and interest, and the full amount sued for has been recovered, we see no good reason why defendant company should not pay the penalty due plaintiffs as attorney's fees under the act in question, as the present case comes squarely within its provisions.
6. Defendant surety company finally complains that judgment was rendered against the succession of the natural tutrix in favor of the minor, Gladys Talton, in the sum of $3,000, without any evidence to sustain it, and that said judgment is not binding on defendant company, as it was not a party to the proceedings in which it was rendered. *Page 489 
This amount was inventoried in the tutorship of the minors as the individual property of the minor, Gladys Talton, when their mother was confirmed as natural tutrix. When the dative tutor was appointed, after her death, no funds belonging to said minor, nor to any of them, could be found in any of the banks of Monroe, La., as shown by the inventory then taken in the parish of Ouachita, in which the tutorship had been opened.
In the application of the natural tutrix to substitute the bond in this case for the general mortgage resulting from the recordation of the inventory of the property of the minors, she alleged that said mortgage secured the $3,000 inventoried in the tutorship of said minors as the property of Gladys Talton, and gave the bond in this case in lieu of the general mortgage, which was canceled. These allegations made by the natural tutrix are tantamount to judicial admissions that she received said sum, as she bound herself in solido with defendant company, as surety, to account for or to restore this fund to the minor.
The natural tutrix, upon the advice of a family meeting, was duly authorized by the lower court to execute an oil lease on 80 acres of land in Webster parish at a bonus of $5 per acre. As this was the separate property of the father of the minors, the inventory in the tutorship appraises the $400 derived from this lease as the common property of the minors. Moreover, the mineral lease upon its face acknowledges the receipt of the $400 by the natural tutrix for the minors.
As we have already declared in this opinion, the judgment rendered in favor of the minors in the succession of Mrs. Zonzie Talton Craig, natural tutrix, must be received against defendant surety company as prima facie proof of the claims of the minors recognized by said judgment. We find nothing in the record to support the credits claimed in this case in the answer filed by defendant *Page 490 
surety company, and the judgment in favor of these minors must prevail as to the respective amounts allowed therein to them.
The demand for damages for a frivolous appeal in this case is itself frivolous and is denied.
Judgment affirmed.