KELLY v. N. O. PUBLIC SERVICE, INC.

---

(April 1, 1929.  Opinion and Decree.)

---

Dufour and St. Paul, Leonard B. Levy, of New Orleans, attorneys for plaintiff, appellant.

Ivy G. Kittredge, of New Orleans, attorney for defendant, appellee.

JONES, J.  Miss Kelly sues for damages for personal injuries alleged to have been caused by the front right shoulder of a car of defendant negligently striking her sister, and throwing her with such violence against plaintiff that plaintiff was knocked down on the pavement at the corner of Tulane and South Rampart Streets, in this City.  It is further alleged that, at the time, plaintiff and her sister were standing at the regular waiting place for passengers to board Tulane Belt cars at the downtown wood side corner of Tulane and Rampart, with transfers from a Jackson car, from which they had just alighted; that the car, which was wider than cars usually are, projected six inches over the edge of the neutral ground into the street, where plaintiff and her sister were standing; that no gong was sounded and she had no notice of the approaching car, when the impact occurred, about 8:00 p. m., April 6, 1926.

The answer, while denying most of the allegations, admits that passengers from the Jackson cars alight at the corner of Common and South Rampart Streets to board Tulane Belt cars on South Rampart, on the downtown side of Tulane Avenue, where there is a narrow, slightly elevated neutral ground; it avers that Miss Kelly carelessly stepped too near the track, as the car was approaching with due care, and under control, and was struck by the front end thereof.

There was judgment for defendant, rejecting plaintiff's demand at her cost, from which the latter prosecutes this appeal.

After reading the record carefully we find the facts as follows:

Plaintiff and her sister were standing in the street near the neutral ground at the downtown lake corner of Tulane and Rampart Streets, waiting for an outbound Tulane car. They had just alighted from a Jackson Avenue car, on which they had been given transfers to board the second car. Standing near them, but a few feet farther up on the curve, were various other prospective passengers, all of whom boarded the Tulane car without difficulty, as the hang-over of the car was not sufficient to endanger any prospective passenger exercising due care. Although plaintiff and her sister were standing in a safe place on the asphalt, well out of the reach of the car, which they saw for some distance as it was approaching, when it was turning into the curve just before its regular stop, and going at not more than eight or ten miles per hour, plaintiff's sister seems to have become suddenly excited and to have stepped back. Consequently, the sister was struck by the right shoulder of the car on her left temple and was thrown against plaintiff with such violence that plaintiff was knocked down and suffered a sacro-iliac sprain.

At best, the argument of plaintiff's able attorney is tenuous and inconclusive. He contends that the burden of proof was on the carrier to show how the accident happened, because plaintiff was a passenger, that defendant has failed to bear this burden, and, consequently, liability necessarily results. To support this contention as to burden of proof in passenger cases, the following decisions are quoted:

Hopkins vs. National Surety Co., 154 La. 64, 97 So. 297.

Julien vs. Wade Hampton, 27 La. Ann. 377.

LeBlanc vs. Sweet, 107 La. 268, 31 So. 766.

In support of his contention that plaintiff was a passenger he quotes no Louisiana case, but various common law decisions, although there is one Louisiana case holding to the contrary, namely, Carey vs. N. O. Public Service Inc., 3 La. App. 217.

However, we do not find it necessary to pass upon these legal questions, as the question of fact which forms the basis of the legal argument must be decided against plaintiff. Under the facts as found above, it is clear that the accident was caused by the carelessness of plaintiff's sister, for which defendant was not responsible.

The judgment is affirmed.